UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN SENCIAL | CIVIL ACTION |
| VERSUS | NO. 24-0874 |
| ARTHUR COLL, ET AL. | SECTION "E" (4) |

ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by the Magistrate Judge, recommending that the Court dismiss with prejudice Plaintiff Steven Sencial's ("Plaintiff") 42 U.S.C. § 1983 claims against S. Reina, Batista Lopez, and Rodriguez Cruz; dismiss without prejudice Plaintiff's state law claims against S. Reina, Batista Lopez, and Rodriquez Cruz; and stay Plaintiff's 42 U.S.C. § 1983 and state law claims against Officer Arthur Coll and Officer A. Galvez.[2] Plaintiff filed objections to the Report and Recommendation.[3]

BACKGROUND

I. Factual Background

Plaintiff's complaint is based on three "incidents."[4] The Magistrate Judge provided a summary of the incidents based on Plaintiff's complaint:

> Under a broad reading of [Plaintiff's] complaint, [he] alleges that he was arrested without probable cause on April 6, 2022, by Officers Coll and Galvez for aggravated assault with a firearm based on the false complaint made by alleged victim Reina. He also claims that Lopez and Cruz were witnesses who gave false statements to the Kenner Police through a translation made by Reina. He contends that all of the defendants ultimately gave false testimony to procure an indictment and to create probable cause for the arrest. He also claims that the bill of information filed July 21, 2023,

---

[1] R. Doc. 8.
[2] *See* R. Doc. 4.
[3] R. Doc. 9.
[4] R. Doc. 4.

1

was based on police testimony that conflicted with the video evidence which disproved that he had a firearm.[5]

Plaintiff alleges in his complaint that Reina reported false allegations in an attempt to "keep him away from her property."[6] Plaintiff alleges Coll "[lied] on his affidavit of arrest dated April 7, 2022, to manufacture probable cause that did not exist."[7] Plaintiff alleges Galvez "falsely translat[ed] testimony from the witnesses to procure that arrest and perjur[ed] himself during the motion to suppress the identification."[8] Plaintiff alleges Lopez and Cruz "[lied] to the officers to aid Reina in causing him injury through false arrest."[9]

## II. Procedural Background

At the time he filed this action, Plaintiff was a pretrial detainee housed in the St. Tammany Parish Jail.[10] On April 4, 2024, Plaintiff, pro se and proceeding *in forma pauperis*,[11] filed a complaint pursuant to 42 U.S.C. § 1983 against five Defendants: Officer Arthur Coll and Officer A. Galvez; S. Reina, the alleged victim of his crimes; and Bautista Lopez and Rodriguez Cruz, two eyewitnesses.[12] Plaintiff's factual allegations stem from his arrest for an alleged aggravated assault occurring on April 6, 2022.[13]

Plaintiff brings § 1983 abuse of process, defamation, libel, and slander claims against Reina.[14] Plaintiff brings § 1983 false arrest, malicious prosecution, and

---

[5] R. Doc. 8, pp. 1-2.
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] R. Doc. 8.
[11] On April 5, 2024, Petitioner filed a deficient motion for leave to proceed in forma pauperis. R. Doc. 2. The Clerk of Court issued a Notice of Deficiency and ordered Plaintiff to remedy the deficiency by April 29, 2024. R. Doc. 3. On April 12, 2024, Plaintiff filed a new motion for leave to proceed in forma pauperis. R. Doc. 5. The Magistrate Judge granted this motion. R. Doc. 6.
[12] R. Doc. 4.
[13] *Id.*
[14] *Id.*

defamation claims against Coll.[15] Plaintiff brings § 1983 false translation of testimony and perjury claims against Galvez.[16] Plaintiff brings § 1983 false reporting claims against Lopez and Cruz.[17] Plaintiff brings state law abuse of process, defamation, libel, slander, and false reporting claims against Reina via supplemental jurisdiction under 28 U.S.C. § 1367.[18] Plaintiff brings state law false reporting claims against Lopez and Cruz under § 1367.[19] Lastly, Plaintiff brings state law malicious prosecution and defamation claims against Coll and Galvez under § 1367.[20]

On June 21, 2024, the Magistrate Judge issued a Report and Recommendation.[21] The Magistrate Judge recommended that Plaintiff's § 1983 claims against Reina, Lopez, and Cruz be dismissed with prejudice as frivolous because (1) private citizens are generally not considered state actors for the purposes of § 1983 liability, and, (2) even if the private citizens conspired or acted jointly with state actors, the claims would be barred under the *Heck* doctrine.[22] The Magistrate Judge declined to exercise supplemental jurisdiction over Plaintiff's state law claims against Reina, Cruz, and Lopez, dismissing these claims without prejudice.[23]

The Magistrate Judge also recommended that Plaintiff's § 1983 claims against Coll and Galvez be stayed because they are "tied to his arrest and indictment" and therefore barred by the *Heck* doctrine.[24] Additionally, the Magistrate Judge recommended Plaintiff's state law claims against Officers Coll and Galvez be stayed "pending the Court's

---

[15] *Id.*
[16] R. Doc. 4.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] R. Doc. 8.
[22] *Id.* at 4, 5.
[23] *Id.* at 5.
[24] *Id.* at 8.

determination on the ultimate applicability of *Heck* once the state criminal charges against [Plaintiff] are resolved."[25] The Magistrate Judge further explained that either party may move to reopen the matter for further proceedings within 60 days of finality of Plaintiff's conviction or upon disposition of the state criminal charges in his favor.[26]

Subsequently, Plaintiff timely filed an objection to the Report and Recommendation.[27] First, Plaintiff objects to the Magistrate Judge's recommendation to stay the § 1983 and state law claims against Officers Coll and Galvez because "the pending charges of aggravated assault with a firearm were dismissed on or around March 8, 2024."[28] Plaintiff further asserts that the "[Division] K District Attorney declined to pursue the felony of aggravated assault with a firearm."[29] Construing the objection broadly, Plaintiff argues that the § 1983 and state law claims against Coll and Galvez are no longer barred under the *Heck* doctrine because the underlying criminal charge no longer exists.[30]

Plaintiff closes his objection by asking for a copy of his original complaint so that he may file his state law claims against Reina, Lopez, and Cruz in the appropriate Louisiana state court.[31]

### III.  Standard of Review

Plaintiff's complaint is subject to preliminary screening before docketing, if feasible, pursuant to 28 U.S.C. § 1915A(b) because he is "a prisoner seek[ing] redress from

---

[25] *Id.* at 10.
[26] *Id.*
[27] R. Doc. 9.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] Additionally, Plaintiff alerts the Court to his lack of access to a law library or other relevant information in his facility to properly work on his case. R. Doc. 9.

4

a governmental entity or officer or employee of a governmental entity." Because Plaintiff is proceeding *in forma pauperis*, his complaint also may be screened under 28 U.S.C. § 1915(e)(2). The Court may sua sponte dismiss Plaintiff's complaint, or any portion of his complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted under §§ 1915(e)(2)(B) and 1915A(b).[32] A complaint is frivolous "if it lacks an arguable basis in law or fact."[33]

A complaint fails to state a claim on which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[34] "To survive a [Federal Rule of Civil Procedure 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[35] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[36] However, the court does not accept as true legal conclusions or mere conclusory statements.[37] In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[38]

When screening a Plaintiff's complaint under § 1915 and § 1915A, the standard for whether a Plaintiff failed "to state a claim upon which relief may be granted" differs slightly from the Rule 12(b)(6) standard. Both Rule 12(b)(6) and § 1915 demand dismissal of an *in forma pauperis* complaint if the complaint fails to state a claim with "even an

---

[32] 28 U.S.C. § 1915A(b)(1).
[33] *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)).
[34] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[36] *Id.*
[37] *Id.*
[38] *Twombly*, 550 U.S. at 555.

arguable basis in law."[39] Conversely, if the complaint raises an "arguable question of law" such that the "court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate," while dismissal under § 1915 is not.[40]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[41] Regardless of whether the plaintiff is proceeding pro se or is represented by counsel, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal.[42] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[43] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[44]

In reviewing a Magistrate Judge's Report and Recommendation, the Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[45] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[46] Because Plaintiff specifically objected to the recommendation of staying the § 1983 and state law claims against Officers Coll and Galvez, the Court will

---

[39] *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).
[40] *Id.* at 269-70.
[41] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[42] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[43] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[44] *Cutrer v. McMillan*, 308 Fed. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[45] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[46] FED. R. CIV. P. 72(b) advisory committee's note (Notes of Advisory Committee on Rules – 1983).

conduct a *de novo* review of that portion of the Magistrate Judge's findings.47 The Court will review the remaining portions of the Magistrate Judge's Report and Recommendation for findings that are clearly erroneous or contrary to law.48

## LAW AND ANALYSIS

### I. Plaintiff may not bring § 1983 claims against private citizens.

Plaintiff did not object to the Magistrate Judge's finding that Plaintiff may not assert § 1983 claims against private citizens. As a private citizen, Reina is not liable for abuse of process, defamation, libel, or slander under § 1983.49 Similarly, as private citizens, Lopez and Cruz are not liable for false reporting under § 1983.50 As a result, the Court finds the Magistrate Judge's dismissal of these claims is not clearly erroneous or contrary to law. Plaintiff's § 1983 against Reina, Lopez, and Cruz will be dismissed as frivolous for failure to state a claim for which relief can be granted.

### II. Plaintiff's state law claims against Reina, Lopez, and Cruz no longer have a federal anchor under 42 U.S.C. § 1367.

Plaintiff did not object to the Magistrate Judge's finding that there is no federal claim to which the state law claims against Reina, Lopez, and Cruz are pendent. As correctly stated by the Magistrate Judge, the state law claims against Reina, Lopez, and Cruz no longer possess a federal claim anchor under § 1367 because the § 1983 claims against them will be dismissed.51 As a result, the Court finds the Magistrate Judge's recommendation is not clearly erroneous or contrary to law, and Plaintiff's state law claims against Reina, Lopez, and Cruz will be dismissed.

---

47 *See* 28 U.S.C. § 636(b)(1).
48 FED. R. CIV. P. 72(b) advisory committee's note (Notes of Advisory Committee on Rules – 1983).
49 *See Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).
50 *Id*.
51 R. Doc. 8, p. 9.

**III.     Plaintiff's state law criminal charges have been dismissed.**

In his objection to the Report and Recommendation, Plaintiff represents that a stay on the § 1983 and state law claims against Officers Coll and Galvez is not warranted because the State of Louisiana dismissed the charge of aggravated assault with a weapon on or around March 18, 2024.[52] For this reason, Plaintiff argues the *Heck* doctrine should not prevent him from filing his § 1983 and state law claims against Officers Coll and Galvez in this Court.[53] The Court will refer this matter to the Magistrate Judge for a recommendation on whether the stay of Plaintiff's 42 U.S.C. § 1983 and state law claims against officers Arthur Coll and A. Galvez should be lifted.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Court **ADOPTS** in part the Magistrate Judge's Report and Recommendation.[54]

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendants S. Reina, Batista Lopez, and Rodriquez Cruz are **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims against Defendants S. Reina, Batista Lopez, and Rodriguez Cruz are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ADOPT** in part the Magistrate Judge's Report and Recommendation. This matter is referred to the Magistrate Judge for a recommendation on whether the stay of Plaintiff's 42 U.S.C. § 1983 and state law claims against Officers Arthur Coll and A. Galvez should be lifted.

---

[52] R. Doc. 9.
[53] *Id.*
[54] R. Doc. 8.

8

**New Orleans, Louisiana, this 21st day of March, 2025.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**