UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN SENCIAL | CIVIL ACTION |
| VERSUS | NO. 24-0874 |
| ARTHUR COLL, ET AL. | SECTION "E"(4) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge for a determination on whether the stay of plaintiff Steven Sencial's 42 U.S.C. § 1983 and related state law claims against Officer Arthur Coll and Officer A. Galvez should be lifted. For the reasons that follow, it is recommended that the stay be lifted.

I.   **Background**

Plaintiff Steven Sencial ("Sencial") filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against Kenner City Police Officers Arthur Coll and A. Galvez, and alleged victim of his crimes S. Reina, and two eyewitnesses, Bautista Lopez and Rodriguez Cruz, each named in an individual and official capacity. ECF No. 4, ¶III(B)-(F), at 4; *id*., ¶II(4)-(7), at 7.

Under a broad reading of his complaint, Sencial alleges that he was arrested without probable cause on April 6, 2022, by Officers Coll and Galvez on for aggravated assault with a firearm based on the false complaint made by the alleged victim Reina. ECF No. 4 at 8. He also claims that Lopez and Cruz were witnesses who gave false statements to the Kenner Police through a translation made by Reina. *Id*. at 12. He contends that all of the defendants ultimately gave false testimony to procure an indictment and to create probable cause for the arrest. He also claims that the bill of information filed July 21, 2023, was based on police testimony that conflicted with the video evidence which disproved that he had a firearm.

Sencial indicates that he is suing Officer Coll for false arrest, malicious prosecution, and defamation for lying on his affidavit of arrest dated April 7, 2022, to manufacture probable cause that did not exist. *Id*. at 9-10. He is suing Officer Galvez for falsely translating testimony from the witnesses to procure the arrest and for perjuring himself during the motion to suppress the identification. As relief, Sencial seeks compensatory and punitive damages under § 1983 and state law for his loss of liberty and equity, loss of his housing, relationships, and undue stress on his family to provide him counsel, all because of the libel, slander, and abuse of process by defendants. *Id*. at 14.

On June 21, 2024, the undersigned Magistrate Judge issued a Report and Recommendations recommending that Sencial's 42 U.S.C. § 1983 claims against defendants S. Reina, Batista Lopez, and Rodriguez Cruz be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and § 1915A, as frivolous and otherwise for failure to state a claim for which relief can be granted. ECF No. 8 at 10. It was also recommended that Sencial's state law claims against defendants Reina, Lopez, and Cruz be dismissed without prejudice because the Court declined to exercise supplemental jurisdiction over these claims. *Id*. Pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), the Court recommended that Sencial's § 1983 claims and related state law claims of false arrest, malicious prosecution, and defamation, against defendants Officer Arthur Coll and Officer A. Galvez be stayed. *Id*. Sencial filed an objection on July 5, 2024, asserting that a stay on the claims against Officer Coll and Galvez was not warranted because the State of Louisiana dismissed the charge of aggravated assault with a weapon on or around March 18, 2024. ECF No. 9 at 1.

The District Judge partially adopted the report and recommendation therefore dismissing Sencial's claims against defendants S. Reina, Batista Lopez, and Rodriguez Cruz on March 24,

2

2025. ECF No. 12. This matter was then referred to the undersigned Magistrate Judge to make a recommendation on whether the stay on the claims against Officer Coll and Galvez should be lifted.

To better make a recommendation on whether the stay should be lifted, the Court issued an order asking Sencial to submit official documentation corroborating that his pending charges involving Officer Coll and Galvez as to his § 1983 and related state law claims were dismissed. ECF No. 13 at 2. In his response, Sencial states the charge of aggravated assault with a firearm, the charge which forms the basis of his claims against Officers Coll and Galvez, was dismissed or amended. ECF No. 14 at 1. In support of his assertion, Sencial provided what appears to be a docket sheet from the Jefferson Parish Clerk of Court in relation to case number 23-02496. *Id*. at 46. On the sheet, under charges, there appears to be four entries of aggravated assault with a firearm. Next to each entry, it would appear there is an entry stating "ABANDONED." *Id*. Due to the firearm charges being resolved in his favor, Sencial requests the stay on his remaining § 1983 claims and related state law claims be lifted.

II.  **Analysis**

Sencial asserts claims of false arrest, malicious prosecution, false testimony, and other state law claims of defamation against Officers Coll and Galvez arising from his arrest and the Officers' testimony at probable cause and suppression hearings. Sencial essentially challenges the alleged false reports and false statements by these Officers which he alleges unlawfully fabricated the probable cause needed to secure his arrest and indictment.

In *Heck*, the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared

3

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. The *Heck* doctrine applies whether a plaintiff seeks monetary or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

The Supreme Court applied a modified version of *Heck* to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations. *Id*., 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F. 3d 744, 746 (5th Cir. 1995) (finding stay of pretrial § 1983 challenges to be the best practice). The court in *Wallace* explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace*, 549 U.S. at 393-94 (citations omitted).

Sencial's claims of false arrest and fabricated probable cause testimony and evidence necessarily no longer call into question the validity of charges against him as each count for aggravated assault with a firearm appears to have been abandoned. Given that, Sencial's claims

4

against Officers Coll and Galvez for false arrest, malicious prosecution, false testimony, all tied to his arrest and indictment, no longer fall under a *Heck* bar. Thus, the stay pertaining to Sencial's § 1983 claims against Officers Coll and Galvez should be lifted.

As for Sencial's remaining state law claims, pursuant to 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This jurisdiction is "a doctrine of discretion," and in so deciding, courts consider "judicial economy, convenience and fairness to litigants," as well as whether "the state issues substantially predominate." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966). Ultimately, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999)).

The Fifth Circuit recognizes that its "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988) (when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

5

For these reasons, and considering the balancing factors addressed above, it would be prudent for the Court to maintain jurisdiction over Sencial's state law claims related to the on-going § 1983 claims asserted against Officers Coll and Galvez. Thus, the stay on the related state law claims should also be lifted as the state criminal charges for aggravated assault with a firearm against Sencial have resolved.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the stay of plaintiff Steven Sencial's § 1983 claims and related state law claims of false arrest, malicious prosecution, and defamation, against defendants Officer Arthur Coll and Officer A. Galvez be **LIFTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this   1st   day of August, 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.