**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEVEN SENCIAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-874** |
| **ARTHUR COLL, ET AL.** | **SECTION "E" (4)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by the magistrate judge, recommending the Court dismiss with prejudice Plaintiff Steven Sencial's ("Plaintiff") 42 U.S.C. § 1983 claims against defendants Officers Arthur Coll and A. Galvez ("Officer Defendants")[2] and dismiss without prejudice Plaintiff's state law claims against the Officer Defendants. Plaintiff filed objections to the Report and Recommendation.[3]

## BACKGROUND

At the time he filed this action, Plaintiff was a pretrial detainee housed in the St. Tammany Parish Jail.[4] On April 4, 2024, Plaintiff, pro se and proceeding *in forma pauperis*,[5] filed a complaint pursuant to 42 U.S.C. § 1983 against five defendants: Officer Arthur Coll and Officer A. Galvez ("Officer Defendants"); S. Reina, the alleged victim of his alleged crimes; and Bautista Lopez and Rodriguez Cruz, two alleged eyewitnesses.[6] Plaintiff's factual allegations stem from his arrest for an alleged assault occurring on April

---

[1] R. Doc. 31.
[2] *Id.*
[3] R. Doc. 33.
[4] R. Doc. 8 at p. 1.
[5] On April 5, 2024, Petitioner filed a deficient motion for leave to proceed in forma pauperis. R. Doc. 2. The Clerk of Court issued a Notice of Deficiency and ordered Plaintiff to remedy the deficiency by April 29, 2024. R. Doc. 3. On April 12, 2024, Plaintiff filed a new motion for leave to proceed in forma pauperis. R. Doc. 5. The magistrate judge granted this motion. R. Doc. 6.
[6] R. Doc. 4.

6, 2022.[7] Plaintiff's complaint is based on three "incidents."[8] The magistrate judge provided a summary of the incidents based on Plaintiff's complaint:

> Under a broad reading of [Plaintiff's] complaint, [he] alleges that he was arrested without probable cause on April 6, 2022, by Officers Coll and Galvez for aggravated assault with a firearm based on the false complaint made by alleged victim Reina. He also claims that Lopez and Cruz were witnesses who gave false statements to the Kenner Police through a translation made by Reina. He contends that all of the defendants ultimately gave false testimony to procure an indictment and to create probable cause for the arrest. He also claims that the bill of information filed July 21, 2023, was based on police testimony that conflicted with the video evidence which disproved that he had a firearm.[9]

Plaintiff alleges Officer Coll "lied multiple times in the affidavit of arrest . . . to manufacture probable cause where he knew it did not exist[.]"[10] Plaintiff alleges Officer Galvez "translated false testimony [from the witnesses] to procure [his] arrest [and] then perjured himself during the motion to suppress the identifications[.]"[11] Plaintiff alleges witnesses Lopez and Cruz gave false statements to the Kenner Police to secure his arrest.[12]

Plaintiff brought claims under § 1983 for abuse of process, defamation, libel, and slander against the victim Reina and claims under § 1983 for false reporting against witnesses Lopez and Cruz.[13] Plaintiff also brought state law claims for abuse of process, defamation, libel, slander, and false reporting against Reina and asked that the Court exercise its supplemental jurisdiction over these claims under 28 U.S.C. § 1367.[14] Against the Officer Defendants, Plaintiff brought claims under  § 1983 for false arrest, malicious prosecution, false translation of testimony, and perjury.[15]  Lastly, Plaintiff brought state

---

[7] *Id.*
[8] *Id.* at pp. 9-10.
[9] R. Doc. 31, pp. 1-2.
[10] R. Doc. 4 at p. 9.
[11] *Id.* at p. 10.
[12] *Id.* at pp. 1-2.
[13] *Id.* at p. 10.
[14] *Id.* at pp. 10-11.
[15] *Id.* at p. 10.

law claims for false arrest, malicious prosecution, and defamation against the Officer Defendants, asking the Court to exercise its supplemental jurisdiction over these claims.[16]

On June 21, 2024, the magistrate judge issued a Report and Recommendation.[17] The magistrate judge recommended that Plaintiff's § 1983 claims against the non-officer Defendants be dismissed with prejudice as frivolous because (1) private citizens are generally not considered state actors for the purposes of § 1983 liability, and, (2) even if the private citizens conspired or acted jointly with state actors, the claims would be barred under the *Heck* doctrine.[18] The magistrate judge also recommended this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Reina, Cruz, and Lopez and dismiss these claims without prejudice.[19] In addition, the magistrate judge recommended that Plaintiff's § 1983 claims against the Officer Defendants be stayed because they are "tied to his arrest and indictment" and therefore may be barred by the *Heck* doctrine.[20] As a result, the magistrate judge recommended Plaintiff's state law claims against the Officer Defendants be stayed "pending the Court's determination on the ultimate applicability of *Heck* once the state criminal charges against [Plaintiff] are resolved."[21]

Plaintiff filed a motion to reconsider and lift stay because "the pending charges of aggravated assault with a firearm were dismissed on or around March 8, 2024."[22] Plaintiff further asserted that the "[Division] K District Attorney declined to pursue the felony of

---

[16] *Id.* at pp. 10-11.
[17] R. Doc. 8.
[18] *Id.* at 4, 5.
[19] *Id.* at 5.
[20] *Id.* at 8.
[21] *Id.* at 10.
[22] R. Doc. 9 at p. 1.

3

aggravated assault with a firearm."[23] The Court construed Plaintiff's motion as an objection to the magistrate judge's Report and Recommendation, arguing that the § 1983 and state law claims against the Officer Defendants are no longer barred under the *Heck* doctrine because the underlying criminal charge of aggravated assault with a firearm no longer exists.[24] On March 24, 2025, this Court partially adopted the Report and Recommendation, dismissing Plaintiff's § 1983 claims against the non-officer Defendants with prejudice and his state law claims against these Defendants without prejudice.[25] The Court then referred the matter to the magistrate judge to make a recommendation on whether the stay on the claims against the Officer Defendants should be lifted.[26]

On April 22, 2025, the magistrate judge ordered Plaintiff to submit official documentation corroborating that all pending criminal charges against him had been dismissed.[27] Plaintiff filed a response, claiming that the charge of aggravated assault with a firearm has been "dismissed or amended."[28] Plaintiff provided a blurry docket sheet from the Jefferson Parish Clerk of Court listing the criminal charges that had been brought against him.[29] The magistrate judge found that, next to each of the four charges for aggravated assault with a firearm, there was text that read "ABANDONED."[30] The magistrate judge interpreted this to mean that the aggravated assault with a firearm charges against Plaintiff had been resolved in his favor, and recommended a lifting of the stay on Plaintiff's § 1983 and state law claims against the Officer Defendants.[31] On August

---

[23] *Id.*
[24] R. Doc. 12 at p. 4.
[25] *Id.* at p. 8.
[26] *Id.*
[27] R. Doc. 13 at p. 2.
[28] R. Doc. 14 at p. 1.
[29] R. Doc. 14-2.
[30] R. Doc. 15 at p. 3.
[31] *Id.* at p. 6.

26, 2025, this Court adopted the magistrate judge's Report and Recommendation lifting the stay.[32]

On February 24, 2026, the Officer Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).[33] The Officer Defendants argue service was improper, as neither of them was personally served in this matter.[34] The Officer Defendants argue the individual who did receive service at the Kenner Police Department, Jody Spear, is not an agent authorized to receive service of process on behalf of either defendant.[35] The Officer Defendants further argue they were not served in their official capacity as service was not effected on the Mayor of Kenner.[36] The Officer Defendants also provided a clear image of the docket sheet Plaintiff initially provided, which the magistrate judge interpreted to mean the Plaintiff's aggravated assault with a firearm charges had been "ABANDONED." This enhanced image demonstrates that Plaintiff entered guilty pleas to four counts of "aggravated assault," and that the text the magistrate judge interpreted as "ABANDONED" actually reads "A HANDGUN."[37] The docket sheet does not reflect that Plaintiff pleaded guilty to the four charges of aggravated assault with a firearm.[38] The docket sheet *does* reflect that Plaintiff pleaded guilty to four counts of aggravated assault.[39] The Officer Defendants state that, as a result of Plaintiff's guilty plea to four counts of aggravated assault, he was sentenced to six months in parish prison.[40]

---

[32] R. Doc. 16.
[33] R. Doc. 22.
[34] R. Doc. 22-1 at p. 4.
[35] *Id.* at pp. 4-5.
[36] *Id.* at p. 6.
[37] *Id.* at p. 3.
[38] *Id.*
[39] *Id.*
[40] *Id.* at pp. 2-3.

On April 1, 2026, the magistrate judge issued a Report and Recommendation, recommending the Court dismiss Plaintiff's § 1983 claims against the Officer Defendants with prejudice as frivolous and otherwise for failure to state a claim.[41] The magistrate judge reasoned that the *Heck* doctrine bars § 1983 claims for violations that arise from the same facts attendant to the charge for which a plaintiff is convicted, unless the plaintiff proves that his conviction has been reversed, expunged, declared invalid, or called into question.[42] In her analysis, the magistrate judge inadvertently stated that Plaintiff's criminal docket sheet reflects that Plaintiff pleaded guilty to four counts of "aggravated assault with a firearm."[43] In actuality, the docket sheet reflects that Plaintiff pleaded guilty to four counts of "aggravated assault," but does not reflect that Plaintiff pleaded guilty to the four charges of "aggravated assault with a firearm."[44] The magistrate judge recommended the Court dismiss Plaintiff's § 1983 claims with prejudice "as frivolous and otherwise for failure to state a claim for which relief can be granted until the *Heck* conditions are met[,]" based on the mistaken assumption that Plaintiff pleaded guilty to four counts of aggravated assault with a firearm and that Plaintiff had not demonstrated that any of his aggravated assault with a firearm convictions had been invalidated.[45] The magistrate judge further recommended this Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, as courts generally dismiss state claims without prejudice when the federal claims to which they are pendent are dismissed.[46]

---

[41] R. Doc. 31 at p. 9.
[42] *Id.* at p. 7.
[43] *Id.* at p. 6.
[44] R. Doc. 22-1 at p. 3.
[45] R. Doc. 31 at p. 6.
[46] *Id.* at p. 8.

Subsequently, Plaintiff timely filed an objection to the Report and Recommendation.[47] Plaintiff objects to the magistrate judge's recommendation to dismiss the § 1983 claims with prejudice based on his failure to meet the *Heck* conditions because he did not plead guilty to aggravated assault with a firearm.[48] Plaintiff further argues all criminal charges against him were either amended or "abandoned."[49]

## III.    Standard of Review

Because Plaintiff is proceeding *in forma pauperis*, the Court may *sua sponte* dismiss Plaintiff's complaint, or any portion of his complaint, "at any time if the court determines that" the complaint is "frivolous or malicious" or if the complaint "fails to state a claim upon which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B).[50]

When determining whether to dismiss a complaint for failing to state a claim upon which relief may be granted under § 1915(e)(2)(B), courts apply the same standards applicable to a Fed. R. Civ. P 12(b)(6) motion to dismiss.[51] A complaint fails to state a claim on which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[52] "To survive a [Federal Rule of Civil Procedure 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[53] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[54]

---

[47] R. Doc. 33.
[48] *Id.* at ¶ 5.
[49] R. Doc. 33-1.
[50] 28 U.S.C. § 1915(e)(2)(B).
[51] *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).
[52] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[53] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[54] *Id.*

However, the court does not accept as true legal conclusions or mere conclusory statements.[55] In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[56]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[57] Regardless of whether the plaintiff is proceeding pro se or is represented by counsel, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal.[58] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[59] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[60]

In reviewing a magistrate judge's Report and Recommendation, the Court must conduct a *de novo* review of any of the magistrate judge's conclusions to which a party has specifically objected.[61] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[62] Because Plaintiff specifically objected to the recommendation dismissing his § 1983 claims against Officers Coll and Galvez, the Court will conduct a *de*

---

[55] *Id.*

[56] *Twombly*, 550 U.S. at 555.

[57] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[58] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[59] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[60] *Cutrer v. McMillan*, 308 Fed. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

[61] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").

[62] FED. R. CIV. P. 72(b) advisory committee's note (Notes of Advisory Committee on Rules – 1983).

*novo* review of that portion of the magistrate judge's findings.[63] The Court will review the remaining portions of the magistrate judge's Report and Recommendation for findings that are clearly erroneous or contrary to law.[64]

## LAW AND ANALYSIS

**I.     Plaintiff's § 1983 claims against the Officer Defendants will be dismissed for failing to state a claim for which relief can be granted.**

The Court agrees with Magistrate Judge Roby's recommendation to dismiss Plaintiff's § 1983 claims against the Officer Defendants for failing to state a claim for which relief can be granted. The Supreme Court held in *Heck* that

> when a state prisoner seeks damages in a [Section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[65]

The Supreme Court has further stated that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[66] While "a claim for unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest,"[67] both the Fifth Circuit and district courts in this circuit have held that, when a plaintiff is convicted of crimes for which he was arrested, a plaintiff's claim that the arresting officers lacked probable cause to arrest him, as well as claims of malicious

---

[63] *See* 28 U.S.C. § 636(b)(1).
[64] FED. R. CIV. P. 72(b) advisory committee's note (Notes of Advisory Committee on Rules – 1983).
[65] *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).
[66] *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).
[67] *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

prosecution, are necessarily inconsistent with the plaintiff's criminal conviction.[68] In *Cormier v. Lafayette City*, the Fifth Circuit "specifically noted that false-arrest and malicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity."[69] Such claims are barred under *Heck*, even if the plaintiff was not convicted under all of the criminal charges that resulted from the arrest.[70] This is because a challenge of lack of "[p]robable cause for arrest applies to the arrest[,] not each individual charge.[71]

In addition, the Fifth Circuit has found that a plaintiff's claim that a defendant committed perjury during a criminal proceeding that resulted in the plaintiff's conviction "necessarily impl[ies] that [the] conviction was invalid," and is barred under *Heck*.[72] Moreover, "a police officer is entitled to absolute immunity when testifying as a witness in criminal legal proceeding."[73]

---

[68] *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274, 278 (5th Cir. 2015) (per curiam) (unpublished) ("seeking in this suit to show a lack of probable cause is in essence a collateral attack on the conviction."); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (holding that a plaintiff's false arrest claim and malicious prosecution claims were not cognizable, even though he did not plead guilty to all the charges he was arrested for, when he had pleaded guilty to a charge of resisting a search.); *Magee v. Reed*, No. CV 14-1554, 2021 WL 411449, at *5 (E.D. La. Feb. 5, 2021) ("[i]n order for Plaintiff to prevail on his claim for unlawful search and seizure, he would have to prove that [the officer] had no probable cause to search the vehicle. Plaintiff's conviction for possession of marijuana, however, implies that [the officer] had probable cause to search the vehicle.").

[69] 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam) (unpublished).

[70] Cormier, 493 F. App'x at 583 ("[i]t also is immaterial that the plaintiff was not convicted on every count charged. False-arrest and malicious-prosecution claims—as attacks on probable cause—'focus on the validity of the arrest.' Thus, '[i]f there was probable cause for any of the charges made … then the *arrest* was supported by probable cause,' and *Heck* applies.") (internal citations omitted).

[71] *Spann o/b/o Spann v. Bogalusa City Police Dep't,* No. CV 20-2780, 2021 WL 4318133, at *6 (E.D. La. Sept. 23, 2021).

[72] *Shaw v. Harris,* 116 F. App'x. 499, 500 (5th Cir. 2004) (per curiam) (unpublished) ("A decision granting [plaintiff] injunctive or declaratory relief on her allegations of evidence tampering and concealment, *perjury*, ineffectiveness of counsel, prosecutorial misconduct, or the filing of false affidavits in her state habeas corpus proceeding, including any defamation claims based on those affidavits, would necessarily imply that her conviction was invalid. Thus, all of those claims are barred by *Heck*." (emphasis added).

[73] *Wearry v. Foster*, 33 F.4th 260, 272 (5th Cir. 2022).

Plaintiff brings claims for alleged violations of his constitutional rights related to his criminal prosecution and conviction for aggravated assault. While Plaintiff objects that he was not convicted of aggravated assault with a firearm, Plaintiff's claims against the Officer Defendants challenge the validity of his arrest and criminal prosecution as a whole rather than just the charge of aggravated assault with a firearm.[74] Plaintiff asserts claims of false arrest, malicious prosecution, false testimony, and other related claims, alleging that the Officer Defendants fabricated reports and statements to secure his arrest.[75] Plaintiff claims he was arrested "without probable cause in violation of Fourth Amendment Rights" and that "no reasonably competent officer would have concluded that probable cause existed for the charges."[76] In addition, Plaintiff argues Officer Galves provided false testimony to procure his arrest and committed perjury during Plaintiff's criminal prosecution.[77]

The Officer Defendants provided a clear image of the docket sheet from the Jefferson Parish Clerk of Court for Plaintiff's criminal case, which lists the charges brought against Plaintiff. The docket sheet clearly reflects that Plaintiff was charged with four counts of aggravated assault after his arrest on April 6, 2022 and that he pleaded guilty to each of these charges.[78] However, the docket sheet does not reflect that Plaintiff pleaded guilty to the four aggravated assault with a firearm charges. In any event, because Plaintiff pleaded guilty to the four charges of aggravated assault, a judgment in his favor on his § 1983 claim would imply the invalidity of his arrest and criminal prosecution. Plaintiff's claims that the Officer Defendants had no grounds to arrest him and that

---

[74] *Cormier*, 493 F. App'x at 583.
[75] R. Doc. 4 at p. 10-12.
[76] *Id.*
[77] *Id.*
[78] R. Doc. 22-1 at p. 3.

Officer Galves perjured himself during his criminal prosecution are inconsistent with his pleading guilty to the four charges of aggravated assault. If the Officer Defendants did not have probable cause to arrest Plaintiff for the April 6, 2022 incident, this would imply he was innocent to the charges of aggravated assault.[79] In addition, Defendant's claim that Officer Galvez perjured himself during Defendant's criminal prosecution challenges the legitimacy of the process that resulted in his pleading guilty to aggravated assault.[80]

The *Heck* doctrine bars claims that are inconsistent with the validity of a criminal conviction, even if the plaintiff is not convicted of every crime with which he was charged.[81] Accordingly, even though Plaintiff ultimately was not convicted of aggravated assault with a firearm, the *Heck* doctrine applies to Plaintiff's § 1983 claims against the Officer Defendants, as his claims challenge the validity of his arrest and criminal prosecution that resulted in his conviction for aggravated assault. As Plaintiff has failed to show his conviction for four counts of aggravated assault has been reversed, expunged, declared invalid, or called into question, Plaintiff's § 1983 claims against the Officer Defendant are barred pursuant to *Heck*, and the Court will dismiss these claims for failing to state a claim for which relief can be granted.

## II. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[79] *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274, 278 (5th Cir. 2015) (per curiam) (unpublished) ("seeking in this suit to show a lack of probable cause is in essence a collateral attack on the conviction.")

[80] *Shaw v. Harris,* 116 Fed.Appx. 499, 500 (5th Cir. 2004) (per curiam) (unpublished). Even if Plaintiff's claim that Officer Galvez committed perjury was not barred under *Heck*, this claim would still fail, as "a police officer is entitled to absolute immunity when testifying as a witness in criminal legal proceeding." *Wearry v. Foster*, 33 F.4th 260, 272 (5th Cir. 2022).

[81] *Spann,* 2021 WL 4318133, at *6.

The Court agrees with the magistrate judge's recommendation to dismiss without prejudice Plaintiff's remaining state law claims against the Officer Defendants.[82] District courts have discretion not to exercise supplemental jurisdiction over a claim when all claims over which the court had original jurisdiction have been dismissed.[83] Although the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims" under such circumstances, the "rule is neither mandatory nor absolute."[84] Rather, a court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[85] In this matter, the Court is dismissing all of Plaintiff's § 1983 claims, the only claims over which it has original jurisdiction. In addition, as correctly stated by the magistrate judge, the relevant factors in determining whether to exercise supplemental jurisdiction weigh in favor of dismissing, without prejudice, Plaintiff's state law claims against the Officer Defendants.[86] Plaintiff filed no objection to the magistrate judge's recommendation that this Court decline to exercise supplemental jurisdiction over his state law claims against the Officer Defendants. As a result, the Court finds the magistrate judge's recommendation is not clearly erroneous or contrary to law, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Accordingly;

---

[82] R. Doc. 31 at p. 9.

[83] 42 U.S.C. § 1367(c)(3). 42 U.S.C. § 1367(c) reads:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[84] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)).

[85] *Id.* (citations omitted).

[86] R. Doc. 31 at pp. 8-9.

13

## CONCLUSION

After conducting a *de novo* review of the issues raised by Plaintiff's objections to Magistrate Judge Roby's Report and Recommendations, the Court overrules those objections and adopts Magistrate Judge Roby's Report and Recommendation.[87]

**IT IS ORDERED** that Plaintiff's § 1983 claims against defendants Officers Arthur Coll and A. Galvez are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and, as applicable, 42 U.S.C. § 1997e for failing to state a claim for which relief can be granted.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims of false arrest, malicious prosecution, and defamation against defendants Officers Arthur Coll and A. Galvez and these claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss** is **DENIED WITHOUT PREJUDICE** as **MOOT**.[88]

**New Orleans, Louisiana, this 8th day of June, 2026.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[87] R. Doc. 31.

[88] R. Doc. 22. Plaintiff argues that, even if the summonses were served incorrectly, the Court should not dismiss his lawsuit based on a service error by the U.S. Marshals. R. Doc. 30 at p. 1. Plaintiff argues service upon any employee of a political subdivision of suitable age and discretion is sufficient to sue the Officer Defendants in their official capacities. *Id.* However, as the Court has dismissed Plaintiff's § 1983 and state law claims on other grounds, the Court need not address the validity of Plaintiff's service on the Officer Defendants.